UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON SEARCY, LITIGATION TRUSTEE FOR THE SARATOGA LITIGATION TRUST, § § § § | § § § § | CASE NO. 4:17-CV-02213 |
| Plaintiff, | § | JUDGE: David Hittner |
| v. | § § | |
| THOMAS F. COOKE AND ANDREW C. CLIFFORD, | § § | MAG. JUDGE: Stephen Smith |
| Defendants | § § § | |

**PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND
ENTRY OF FINAL JUDGMENT**

**TO THE HONORABLE COURT:**

Plaintiff Joshua Searcy, solely in his capacity as Litigation Trustee for the Saratoga Litigation Trust on behalf of the Saratoga Litigation Trust (the "**Trust**" or "**Plaintiff**"), respectfully moves this Court to confirm and to enter a Final Judgment on the Final Award issued in the Trust's favor (as Claimant) against Defendants (as Respondents) Thomas Cooke ("**Cooke**") and Andrew Clifford ("**Clifford**," and together with Cooke, "**Defendants**"), pursuant to the Federal Arbitration Act (the "**Motion**"). In support of this Motion, the Trust would respectfully show the Court as follows:

**I.   Preliminary Statement**

1.   The Trust seeks to confirm the "Final Award" issued in Houston, Texas, on February 19, 2019 by William H. Knull, III (the "**Arbitrator**") acting under the auspices of the American Arbitration Association ("**AAA**"). Attached hereto as Exhibit A is a true and correct copy of the Final Award issued by the Arbitrator. This Final Award was issued in the Trust's

1

favor by the Arbitrator after a six-day evidentiary hearing conducted in accordance with the applicable terms of the Cooke's and Clifford's respective employment agreements with Saratoga Resources, Inc. ("**Saratoga**"). Attached hereto as Exhibits B-1 and B-2 are true and correct copies of Cooke's and Clifford's employment agreements with Saratoga (the "**Employment Agreements**").

2.  The Final Award issued by the Arbitrator resolved claims for breach of fiduciary duty and breach of Defendants' Employment Agreements, both of which claims this Court ruled were subject to arbitration pursuant to the arbitration clause of Defendants' Employment Agreements. [Document No. 23, attached as Exhibit G for convenience]. The Employment Agreements executed by Cooke and Clifford both include the following arbitration provision:

**4.1 Dispute Resolution**

(a) Except with respect to disputes and claims under Sections 1.5, 1.6, 1.7 and 1.8 hereof (which the Parties hereto may pursue in any court of competent jurisdiction and which may be pursued in any court of competent jurisdiction as specified below)[1], any controversy or claim arising out of this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes. There shall be one arbitrator who shall be appointed by the respective Parties or, failing agreement, by the American Arbitration Association in Houston, Texas. The arbitration shall be held in Houston, Texas, and the arbitrator shall apply the substantive law of Texas, except that the interpretation and enforcement of this arbitration provision shall be governed by the United States Arbitration Act. Disputes about arbitration procedure shall be resolved by the arbitrator or failing agreement, by the American Arbitration Association in Houston, Texas. Except as provided in Section 1.9, **the award of the arbitrator shall be the sole and exclusive remedy of the Parties and shall be enforceable in any court of competent jurisdiction, subject only to revocation on grounds of fraud or clear bias on the part of the arbitrator**. . . . Each party hereto hereby irrevocably submits to the jurisdiction of the Texas state districts courts in Harris

---

[1] These Sections set forth certain provisions not implicated in this dispute concerning the Defendants' potential failure to keep company information confidential (1.5); intellectual property/patents and inventions of the company (1.6), delivery of materials upon termination of employment (1.7); and a non-compete clause (1.8).

> County, Texas, and agrees that such courts shall be the exclusive forum for the enforcement of any such final judgment, award or determination of the arbitration….

Exhibit B-1, Cooke Employment Agreement, Section 4.1(a); Exhibit B-2, Clifford Employment Agreement, Section 4.1(a) (emphasis added). Accordingly, the Trust is entitled to the prompt issuance of a Final Judgment against Defendants confirming the Final Award issued by the Arbitrator. *See Tokura Const. Co. v. Corporacion Raymond, S. A.*, 533 F. Supp. 1274, 1276 (S.D. Tex. 1982) ("[I]f the award is within the submission and contains the honest decision of the arbitrators rendered after a full and fair hearing of the parties, it must be confirmed regardless of error in either law or fact.").

## II.     Factual Procedural History

3.     On October 9, 2007, Defendants Cooke and Clifford each executed an employment agreement with Saratoga[2] pursuant to which it was agreed that Cooke would serve as Saratoga's Chairman and Chief Executive Officer, and Clifford would serve as Saratoga's President. On June 10, 2013, those employment agreements were superseded by new agreements Employment Agreements containing provisions nearly identical to those in the 2007 Agreements. Exs. B-1 and B-2.

4.     On June 18, 2015, Saratoga commenced jointly administered bankruptcy proceedings by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana. *In re The Harvest Group, LLC, et al.*, Case No. 15-50748.

---

[2] Saratoga and other related entities filed for bankruptcy in the Western District of Louisiana in 2015. The Litigation Trust was created in accordance with a trust agreement and the Plan, which was confirmed by the United States Bankruptcy Court, Western District of Louisiana, Lafayette Division on August 30, 2016. Article 6 of the Plan expressly retained certain causes of action belonging to Saratoga and other debtors, including the causes of action asserted in the Trust's Arbitration Demand.

5. On June 16, 2017, the Trust filed an Original Petition before the 165th Judicial District of Harris County, Texas (Case No. 2017-40433) (the "**Original Petition**"). In its Original Petition, the Trust alleged that Defendants breached certain fiduciary duties while serving as officers and directors of Saratoga. The allegations concerned both pre-petition and post-petition conduct of the Defendants.

6. On or about July 19, 2017, Defendants removed the case to this Court, asserting that the claims in this matter either "arise in or are related to five jointly administered bankruptcy cases" pending in the United States Bankruptcy Court for the Western District of Louisiana. [Document No. 1].

7. The Trust filed its demand for arbitration on August 11, 2017 (the "**Arbitration Demand**"). On August 17, 2017, the Trust filed with this Court a Motion to Compel Arbitration and Motion to Stay. [Document No. 5]. On November 13, 2017, this Court granted the Trust's Motion to Compel Arbitration and Motion to Stay. [Document No. 23, Ex. G].

8. On February 20, 2017, the parties were notified of the appointment of the Arbitrator by email. Attached hereto as Exhibit C is an email communication from AAA notifying the parties of the appointment of the Arbitrator. In the absence of objections from the parties, the appointment was confirmed on March 8, 2017. Attached hereto as Exhibit D is an email communication from AAA confirming the appointment of the Arbitrator.

9. In connection with the Arbitration, a six-day evidentiary hearing was held from November 12, 2018 through November 16, 2018, and on November 20, 2018.

10. On February 19, 2019, the Arbitrator issued the Final Award. Ex. A.

### III.   Jurisdiction and Venue

11.  This Motion is made to confirm an arbitration award pursuant to 9 U.S.C. §§ 6 and 9.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), because the Trust's action arises in and/or relates to Saratoga's jointly administered bankruptcy case.  This action, moreover, involves the implementation and execution of the Plan, which was confirmed by order of United States Bankruptcy Court, Western District of Louisiana, Lafayette Division on August 30, 2016 (the "**Confirmation Order**"). [Docket No. 1114].

12.  Personal jurisdiction and venue are proper in this jurisdiction pursuant to 9 U.S.C. § 9, as this is the district within which the Arbitrator issued his Final Award.

### IV.   Factual Summary

13.  Pursuant to Section 1.2 of the Employment Agreements, Cooke and Clifford owed the following duties to Saratoga:

(a) To render "executive and managerial services to [Saratoga] and its Subsidiaries as are commensurate with the customary duties, responsibilities and authority of [their] officers, subject to the power of the Board of Directors; and

(b) To "devote [their] best efforts and [their] full business time and attention to the business affairs of [Saratoga] and its Subsidiaries . . . [and] perform [their] duties and responsibilities to the best of [their] abilities in a diligent, trustworthy, businesslike and efficient manner."

Exhibit B-1, Cooke Employment Agreement, Section 1.2; Exhibit B-2, Clifford Employment Agreement, Section 1.2.

14.  In its Arbitration Demand, filed on August 11, 2017, the Trust alleged that Cooke and Clifford breached these duties, and also committed grossly negligent and/or reckless breaches of the fiduciary duty of care they owed to Saratoga on the basis of the same conduct.

15.  On March 20, 2018, after the Arbitration Demand was filed and the Arbitrator's appointment was confirmed, the parties' counsel and the Arbitrator held an Initial Management

Conference and conferred regarding procedural items for the Arbitration. The parties' agreements regarding these procedural terms of the Arbitration were memorialized in the Arbitrator's Report of Initial Management Conference. Attached hereto as <u>Exhibit E</u> is a true and correct copy of the Arbitrator's Report of Initial Management Conference.

16. An evidentiary hearing was held in Houston, Texas on November 12, 2018 through November 16, 2018, and on November 20, 2018. On January 4, 2019, the parties submitted post-hearing briefing.

17. On February 6, 2019, the Arbitrator requested an additional twelve days for the issuance of the Final Award; each party agreed to the Arbitrator's requested extension without objection. Attached hereto as <u>Exhibit F</u> is a true and correct copy of the email correspondence from the Arbitrator requesting a written extension of time to make the Final Award.

18. On February 19, 2019, the Arbitrator issued his Final Award in a 97 page opinion in favor of the Trust holding that:

> based on the evidence of record, the testimony and demeanor of witnesses, fact and expert, the documentary evidence, the arguments of counsel and applicable law, I conclude that Claimant has established that . . . Respondents were grossly negligent and breached their contractual obligations to Saratoga to 'perform their duties and responsibilities to the best of their abilities in a diligent, trustworthy, businesslike and efficient manner.' Claimant shall accordingly recover from Respondents damages in the principal amount of $24,320,856 plus interest at the rate of 5.5%, compounded annually, from August 1, 2012 to February 19, 2019 and thereafter from that date to the date of final satisfaction of the award at the same rate. All parties shall bear their own costs and attorneys' fees. The Administrative fees and expenses of the AAA totaling $23,932.09, and the compensation and expenses of Arbitrator totaling $114,934.00, are to be borne as incurred.
>
> This [Final] Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

Ex. A at 97.

### V.     Law and Argument

19.     The Trust seeks confirmation of the Final Award attached hereto as Exhibit A in the form of a Final Judgment.  This Motion is governed by the Federal Arbitration Act ("**FAA**"). *See* 9 U.S.C. § 1 *et. seq*.

20.     In drafting the FAA, Congress declared a liberal federal policy favoring arbitration.  *Moses H. Cone Mem. Hosp. v; Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941 (1983); *Personal Security & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002).  In keeping with this policy, the inquiry in confirmation proceedings under 9 U.S.C. § 9 are "among the narrowest known to the law."  *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 634 (S.D. Tex. 2009) (internal quotation marks omitted) (quoting *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007); *see also McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 211 (5th Cir. 2016) ("In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow.").

21.     The exceptionally narrow review accorded to final arbitration awards is due to the fact that Congress intended confirmation proceedings under the FAA to be summary affairs that reflect the federal policy of respecting bargains made by arbitration parties to keep their disputes out of court.  *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) ("In so concluding, we not only honor the plain meaning of the statute but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.").

22.     There is a strong presumption in favor of confirming an arbitration award.  *Alpert v. Bennett Law Firm, P.C.*, No. CIV.A. H-06-1642, 2007 WL 2409354, at *6 (S.D. Tex. Aug. 21,

2007), *aff'd sub nom. Alpert v. Bennet Law Firm, PC*, 295 F. App'x 725 (5th Cir. 2008). Indeed, Section 9 of the FAA expressly provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

23. Further, the Final Award has not been vacated, modified or corrected, and there exists no grounds for vacatur of the Final Award here. Pursuant to section 4.1 of the Employment Agreements, Defendants agreed to the limited grounds by which the Final Award may be vacated:

> the award of the arbitrator shall be the sole and exclusive remedy of the Parties and shall be enforceable in any court of competent jurisdiction, **subject only to revocation on grounds of fraud or clear bias on the part of the arbitrator.**

Ex. B-1, Section 4.1(a); B-2, Section 4.1(a). These limited grounds are not present here.

24. Accordingly, the Final Award here is in all respects a valid and conforming award under the parties' agreement to arbitrate and AAA rules, to the extent applicable, and the Trust respectfully requests that the Final Award be confirmed by this Court.

### VI. The Trust is Entitled to Judgment on the Final Award

25. Upon confirmation of the Final Award by the Court, the Trust is entitled to the issuance of a Final Judgment on the Final Award. 9 U.S.C. §§ 9 & 13; *see also Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 499 (5th Cir. 1986) ("The Arbitration Act contemplates that awards made pursuant to arbitration will be confirmed in the federal courts."). Thus, the Trust is entitled to a Final Judgment awarding monetary relief against Defendants as set forth in the Final Award attached hereto as Exhibit A.

26. Specifically, the Trust seeks an entry of a Final Judgment of $24,320,856 as its actual damages, plus interest at the rate of 5.5%, compounded annually, from August 1, 2012 to February 19, 2019 and thereafter from that date to the date of final satisfaction of the Final Award at the same rate. In addition, the Trust seeks to have the Final Judgment include an award of the additional legal fees and costs that it is required to incur in enforcing the Final Award. *Amalgamated Meat Cutters & Butcher Workmen of N. Am. AFL-CIO, Local Union 540 v. Great W. Food Co.*, 712 F.2d 122, 125 (5th Cir. 1983) ("A party to an arbitral award is not entitled to the attorneys' fees it incurs in enforcing that award unless the noncomplying party's refusal to abide by the award was 'without justification.'").

## VII. Conclusion

For all the foregoing reasons, Plaintiff requests that this Court enter an order confirming the Final Award of $24,320,856 as its actual damages, plus interest at the rate of 5.5%, compounded annually, from August 1, 2012 to February 19, 2019 and thereafter from that date to the date of final satisfaction of the Final Award at the same rate entered on February 19, 2019, and issue a Final Judgment in its favor thereon and against Defendants.

WHEREFORE, Plaintiff respectfully requests:

A. The issuance of an order confirming the attached Final Award;

B. The issuance of a Final Judgment in the amounts set forth in the Final Award issued by the Arbitrator, together with additional amounts of legal fees and costs incurred by the Trust's counsel in enforcing the Final Award; and

C. All such other and further relief to which the Trust is justly entitled.

Respectfully submitted,

DIAMOND MCCARTHY LLP

BY:    */s/ Andrea L. Kim*
Andrea Levin Kim
State of Texas Bar No. 00798327
So. District Bar No. 21339
**DIAMOND MCCARTHY LLP**
909 Fannin Street, 37th Floor
Houston, Texas  77010
Telephone:  (713) 333-5100
Fax:  (713) 333-5199
Email:  akim@diamondmccarthy.com

Benjamin W. Kadden
State of Texas Bar No. 24077542
So. District Bar No. 680420
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Fax:  (504) 310-9195

*Counsel to Plaintiff Jason Searcy, Litigation Trustee for the Saratoga Litigation Trust*

## CERTIFICATE OF CONFERENCE

In a telephone conference on March 4 with Defendants' counsel, Defendants' counsel indicated Defendants are opposed to this Motion.

*/s/ Andrea L. Kim*
Andrea L. Kim

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of March, 2019, a copy of the foregoing document was served by the CM/ECF System for the United States District Court for the Southern District of Texas to all parties registered to receive such service.

                                                          */s/ Andrea L. Kim*
                                                           Andrea L. Kim